LINTHICUM, Ex'r, et al. vs. TAPSCOTT, Adm'r, et al.

VENDOR'S LIEN: *When barred by statute of limitations.*

Bill to enforce vendor's lien against estate of deceased vendee. Answer, that the claim had not been presented to the administrator within two years after grant of letters. On demurrer to answer: *Held*, that a vendor's lien is a remedy or security, not a right of property, and does not vary the nature of the debt or take it out of the operation of the statute of nonclaim, and cannot be enforced after the bar of the statute has attached to the debt.

APPEAL from *Woodruff* Circuit Court.

Hon. W. C. HAZELDINE, Circuit Judge. .

*U. M. Rose*, for appellants.

*Turner, Moore & Jones*, for appellee.

BENNETT, J. The appellants filed a bill to foreclose a vendor's lien for the purchase money for certain lands for which a note had been given.

Part of the appellees answered, setting up no other defense than that the claim had not been presented to the administrator of the vendee within two years from the grant of his letters. Appellants demurred to the answer. The court overruled the demurrer, and dismissed the complaint for want of equity.

The only question presented for consideration by the record is, whether a proceeding to enforce a vendor's lien is barred by the statute of nonclaim. Under our administration statutes, a claim prosecuted against an estate must be

presented to the administrator, duly authenticated, within two years from the date of administration, or be forever barred.

In the case of *Walker, Adm'r v. Byers*, 14 Ark., 242, this court, in effect, has said : The claims and demands which the statute contemplates shall be exhibited to the executor or administrator within two years from the grant of letters, are all claims capable of being asserted in a court of law or equity existing at the death of the deceased or coming into existence within two years after the grant of administration, whether due or not, if running to certain maturity. To this general rule, however, the statute itself points out one exception ; that of a suit pending against any person at the time of his death, which by law survives against his executor or administrator. The court then says, " And although the express exception might seem to exclude all others, by a common rule of interpretation, there are doubtless other exceptions, as for instance, all proceedings on the part of the widow for dower, which are grounded on a right in the property itself, out of which she is to get her estate of dower ; proceedings for the specific performance of a contract, etc., *scire facias* to revive a judgment, etc. Nor need this enumeration of exceptions exclude the idea of other possible cases that might not interfere with the policy of the statute."

In the case of *Pope's Heirs et al. v. Boyd's Adm'r*, 22 Ark., 535, this court has said, in effect, " that the statute of nonclaim has no application to a debt secured by a deed of trust, where the creditor seeks to subject the trust property to the payment of his debt, which he may do, without authentication and exhibition of his claim to the administrator of the debtor," the reason for excepting the execution of a trust deed from the provisions of the statute of nonclaim, being put upon the grounds that no estate in the trust property remains in the grantor.

Is there any good reason for excepting proceedings to enforce a vendor's lien from the effect of the general rule that all claims and demands against an estate shall be presented within two years from the grant of letters? We think not. A vendor's lien is not an original, specific and absolute charge on the lands, but only an equity to resort to it, in case of the failure of the vendee to pay the purchase money. And, before it can be enforced, the vendor must have his equity declared by a court of competent authority. It exists solely in the debt, and has no form apart from it. It is held to be capable of being enforced against the vendee, upon the general equitable principle that a purchaser should not be entitled to the land until he had paid for it, and not because there was any substantive agreement between the parties that it should be so created, or that such lien might be enforced against the land.

The appellants insist that the statute of nonclaim only acts on the remedy and not on the debt, and cannot affect a lien which secures the debt, if the general statute of limitation does not bar its collection.

The statute of nonclaim is a general statute of limitations as far as claims and demands against deceased persons' estates are concerned. In order to make the position of the appellants good, it will be necessary to show that there is one limitation on the debt, and a separate and distinct one on the security or lien, which we think cannot be done. We are aware that it has been held, that the statute of limitations, which bars a debt secured by a mortgage, was not a bar to the remedy upon the mortgage; yet these decisions are based upon the ground that the security is distinct in its form from the debt, and has a legal import more extensive than the mere evidence of the debt. A mortgage is a conveyance of the legal estate, which, in law, would entitle the mortgagee to his

action for the possession of the mortgaged premises. It is also a specific lien on the property, capable of registration, and of which all persons may, and are bound to take notice when registered. In its form it is separate and distinct from the debt, and an additional and more solemn acknowledgment of and security for it. None of these characteristics appertain to the vendor's lien for unpaid purchase money, as it has no existence until it has been declared to exist by a court of equity. It may be safely said that a vendor's lien is not a mortgage, but that it has merely the incident of a mortgage, of being enforcible in equity.

It exists solely in the debt; it must be subject to all the incidents of it, and cannot be enforced when the debt could not be; and, consequently it would be barred by the same lapse of time that would bar the debt. A vendor's lien is a remedy or security — not a right of property, and does not vary the nature of the debt or take it out of the operation of the statute of limitations, and cannot be enforced after the bar of the statute has attached to the debt.

The demurrer of the plaintiff admitting the fact that this claim or demand was not presented within two years after the grant of letters of administration on the estate, the answer was a good defense to the bill, and the demurrer was properly overruled.

Judgment affirmed.