ABBOTT, ADMINISTRATOR, *v.* JOHNSTON.

## Opinion delivered May 28, 1917.

1. VENDOR'S LIENS—FORECLOSURE—LIMITATIONS.—In suits to foreclose a vendor's lien where the legal title has been conveyed to the vendee, the lien is barred when the debt is barred.

2. ADMINISTRATION—STATUTES OF LIMITATION AND NON-CLAIM—WAIVER. —An administrator is without authority to waive either the statute of limitations or of non-claim.

3. LIMITATIONS—VENDOR'S LIEN—PAYMENT OF IMPROVEMENT TAXES.— Although his vendor's lien is barred by limitations, where the lienor paid improvement taxes on the land in an attempt to preserve his lien, he is entitled to a lien on the land for the amount of these taxes.

Appeal from Sebastian Chancery Court, Fort Smith District; *Wm. A. Falconer,* Chancellor; reversed.

*Read & McDonough,* for appellants.

1. The action is barred by both the statutes of non-claim and limitations. The claim was never probated and hence barred by non-claim. Kirby's Digest, § 110, as amended by Act May 28, 1907; 9 Ark. 411; 14 *Id.* 246; 18 *Id.* 334; 23 *Id.* 604; 39 *Id.* 577; 97 *Id.* 492; 99 *Id.* 523; 112 *Id.* 6; 92 *Id.* 522; 94 *Id.* 60; 65 *Id.* 1. An administrator has no right to pay a debt not duly probated. 65 Ark. 1; 14 *Id.* 246.

2. There was no *valid* agreement between appellee, administrator, and Johnston to extend the payment of the note. Payment of past due interest is not a sufficient consideration.

3.   A vendor's lien can not be enforced after bar by the statute of non-claim.   92 Ark. 522; 28 *Id.* 267; 41 *Id.* 523, etc.

4.   The five-year statute of limitations is a complete bar.   There was no act of defendants, or either of them, to remove the bar, and the administrator could not waive the bar.   65 Ark. 1; 23 *Id.* 604; 112 *Id.* 6, etc.

5.   Plaintiff is not entitled to recover for taxes and assessments paid by him.   The payment was voluntary. The note and claim were barred.   46 Ark. 167; 86 *Id.* 175.

*Hill, Fitzhugh & Brizzolara,* for appellees.

1.   A stronger case of estoppel and waiver than this can not be conceived.   92 Ark. 522 was not decided until Nov. 29, 1909.   The case in 112 Ark. 6 is clearly distinguishable from this.   This case falls within the rule in 18 Cyc. 472.

2.   Plaintiff is clearly entitled to recover for the taxes and assessments paid by him, $137.88. He was not a volunteer, but paid same in good faith to protect his lien.   47 Ark. 62, 66; 99 Pac. 304.

McCULLOCH, C. J.   Appellee, W. J. Johnston, instituted this action in the chancery court of Sebastian County, Fort Smith District, against the administrator and heirs of W. R. Abbott, deceased, to foreclose a vendor's lien on a certain tract or lot of real estate in the city of Fort Smith, which appellee conveyed to said decedent on February 28, 1907.   The action was instituted as aforesaid on December 14, 1915, and the only defense offered is a plea of the statute of non-claims and of the five-years statute of limitations.   The note in suit was for the sum of $1,000.00, executed by the decedent, W. R. Abbott, contemporaneously with the execution of the deed to him by appellee, and was due and payable two years after date.   Abbott died in June, 1907, leaving a large estate, considerably encumbered, however, with debt, and still being the owner of the lot conveyed to him by appellee.   The total consideration for the conveyance

to appellee by Abbott was the sum of $2,500.00, of which $625.00 was paid in cash, and Abbott executed the note in suit, and also another note for the sum of $875.00, payable one year after date. Letters of administration on the estate of said decedent were duly issued by the probate court of Sebastian County to C. W. Jones, and he proceeded with the administration of the estate.

Appellee did not probate either of the notes against the estate, but the administrator paid the first note without the same having been probated, and also made two interest payments on the note in suit. The first interest payment was made by Jones on March 15, 1909, when he paid the interest for two years, and the second payment was made by the administrator on June 18, 1910, when he paid $80.00, the interest for one year, up to February 28, 1911. It is alleged in the complaint, and the evidence shows, that at the time those interest payments were made the administrator was endeavoring to conserve, as best he could, the interests of the estate of the decedent, and that he requested appellee not to institute proceedings to foreclose the vendor's lien on the land until the expiration of the period for which the interest was paid, and that appellee acceded to that request and agreed that he would not seek to foreclose his lien until after the period covered by the interest payments. The various payments made by Jones as administrator were reported to the probate court in his annual accounts current, and those accounts were approved by the court. Jones filed with the probate court his final account current as administrator on August 16, 1911, and in that account appears an item among the liabilities of the estate as follows: "W. J. Johnston, lien note, balance due $1,000.00 on note not probated;" and in the list of assets of the estate the lot purchased by the decedent from appellee was described in connection with the statement that "there exists a lien note of $1,000.00" In connection with his account the administrator tendered his resignation, and there is in the present record a copy of the order of the probate court showing the appearance of

said administrator and the widow and heirs of said decedent, by their several attorneys, that the widow withdrew her objections previously filed against said account current, and that there being no other objections, the account current was approved by the court, and the resignation of Jones as administrator was accepted, and that S. H. Abbott, the present administrator in succession, was appointed.

It is thus seen that both the statute of non-claims and five years statute of limitations bar appellee's right of recovery, if applicable under the facts of the present case. Learned counsel for appellee insist that neither are applicable on account of the action of the administrator in making payments on the notes, notwithstanding the fact that the same had not been probated in accordance with the statute, and that by entering into an agreement with appellee for an extension of time, and the conduct of the heirs in consenting to the approval by the probate court of the account current filed by said administrator containing a report of said payments, the statute bar was waived. The Act of March 25, 1889 (Kirby's Digest, § 5399), relates only to limitation of actions to foreclose mortgages or deeds of trust, and has no application to actions to foreclose an equitable lien held by a vendor of real estate. Limitations on actions of the latter class come within other statutes. In the case of *Linthicum v. Tapscott,* 28 Ark. 267, it was held (quoting from the syllabus) that "a vendor's lien is a remedy or security, not a right of property, and does not vary the nature of the debt or take it out of the operation of the statute of non-claim, and can not be enforced after the bar of the statute has attached to the debt." The case of *Allen* v. *Smith,* 29 Ark. 74, seems to conflict with the rule announced in the case just cited, for the court there said that in proceedings to foreclose a vendor's lien it was unnecessary to probate the claim before the commencement of the suit. In the latter case, however, the court was considering, not the bar of the statute of non-claim, but the question of necessity for probating the claim before instituting an

action to enforce the lien. It does not appear from the opinion whether or not the time for probating the claim against the estate of decedent had expired, but the court merely held that if the proper affidavit of non-payment was made before the commencement of the suit, it was not essential that the claim should first be allowed by the probate court. The apparent conflict, therefore, disappears upon a careful analysis of the ruling of the court in the two cases. At any rate, the law announced in *Linthicum* v. *Tapscott, supra,* is the settled rule in this State, and has been subsequently followed, and the same reasons stated in that case are given for the rule. For instance, in *Waddell, Admr.* v. *Carlock,* 41 Ark. 523, Mr. Justice EAKIN, speaking for the court, in distinguishing the rule of limitations with respect to suits to foreclose vendor's liens where the legal title had been conveyed to the vendee, and in cases where the vendor had merely executed a title bond and reserved the legal title as security, said:

"Although the legal title vested in a mortgage, and that retained by a vendor by title bond, are securities for money, and dissolve away on payment; yet they are something more than the equitable lien raised by a court of equity. They, to some extent, give a right in the property itself by virtue of a legal title, which can not be taken from them, until the vendor fulfills his own obligations. They are legal liens, and may outlive the debt. That is, may be enforced after the debt is barred by the statute, but not after it has been satisfied. The possession of the mortgagor, or vendee is consistent with this *jus in re* of the creditor, and the bar to its enforcement does not arise until the person in possession has, for the statutory period, asserted a right to the land, adverse to the lien, or done acts from which his intention to claim adversely may be implied. * * * The equitable vendor's lien is of a different nature. It rests upon no legal or contractual right, and is supported by no legal estate. It is the pure creation of the courts of equity, having really no substantial existence until the courts

are invoked to declare it, for the purpose of satisfying a debt. They will not raise it to galvanize a corpse, and revive a debt already declared dead by the policy of the law.''

(1)   The effect of the rule announced and adhered to by this court is that in suits to foreclose vendor's liens where the legal title has been conveyed to the vendee, the lien is barred when the debt is barred. That is the rule now in suits to foreclose mortgages as a result of the statute already mentioned, passed to change the rule with respect to such foreclosures.

(2) The first contention is that the act of the administrator in making payments on the note and in entering into an agreement with appellee for an extension of time waived the operation of each of the statutes pleaded. This contention would be sound if the administrator possessed authority to waive the operation of the statute, but it has been decided by this court with respect to both the statute of non-claim and to the general statute of limitations that an administrator has no such authority. The court so decided with regard to the waiver of the statute of non-claims in the case of *Rhodes* v. *Cannon,* 112 Ark. 6, and as to a waiver of the general statute of limitations in *Cox* v. *Phelps,* 65 Ark. 1. There seems to be very little authority on the question of power of administrator to waive the statute of limitations, and there is conflict in the little authority we have on that subject, but this court has taken a position on the question, and we must treat it as settled in this State that an administrator has no authority to waive the operation of the statute of limitations. In the opinion in *Cox* v. *Phelps, supra,* it was first pointed out that the basis of the rule that partial payments revive a debt barred by limitations or form a new point from which the statute will begin to run as to debts not then barred, is that the payments are treated as ''an admission of the continued existence of the debt and an implied promise to pay the balance.'' Then the opinion proceeds to hold that since the administrator has no authority under the statutes of the State to enter into

an express agreement for the waiver of the period of limitations, it follows that an agreement can not be implied from a payment made by him on the debt. The question seems to have been thoroughly considered by the court at that time, and there was a dissenting opinion filed, holding that the payments by the administrator operated as a waiver of the statute and formed a new point for the running of the statute. The doctrine of our decision on the subject is in accord with a statement of the law by Mr. Wood in his work on Limitations (Vol. 1, § 101), where the law on the subject is stated as follows:

"Not only must the debt be identified, and the payment be shown to be a part payment, but  *  *  *  It must have been made by the debtor in person, or by some one authorized by him, to make a new promise on his behalf. A part payment, whether made before or after the debt is barred by the statute, does not revive the contract, unless made by the debtor himself, or by some one having authority to make a new promise on his behalf for the residue."

The question is, therefore, settled against the contention of appellee, and we must hold, following the former decisions, that an administrator has no authority to waive the operation of either of the two statutes pleaded.

There being an entire want of authority on the part of the administrator to deal with the matter in any agreement with appellee with respect to the extension of the debt, a mutual mistake of the two parties to such an agreement would not afford grounds for equitable relief against the operation of the statute, nor would it be sound to hold, as contended by counsel for appellee, that the heirs waived the operation of the statute by consenting to the approval by the probate court of the administrator's account current, containing the references to the payments on the note and the balance due thereon. The heirs were not parties to the agreement with appellees for extension of time, nor were they connected with it in any way that would bind them. They did not occupy

any situation with relation to appellee which imposed on them the duty of repudiating the alleged agreement between appellee and the administrator. It is not alleged, or proved, that they even knew that the administrator entered into an agreement with appellee for an extension of the time or a waiver of the statute of non-claim. All that the heirs did was to refrain from filing exceptions to the accounts current and to consent that the final account should be approved by the probate court. We discover nothing whatever in that act which would call for the application of the equitable doctrine of estoppel so as to prevent the heirs from pleading the statute of non-claim, and the statute of limitations.

There is no suggestion in the record of lack of merit in the claim of appellee except that the enforcement of his lien is barred by the statute of limitations. The statutes on that subject apply with full force to the most meritorious claims, and courts can not refuse to give the statute effect merely because it seems to operate harshly in a case involving an obviously meritorious claim. Our conclusion, therefore, is that the chancellor erred in declaring a lien in appellee's favor for the amount of the note.

(3) It appears further that the administrator failed to pay the improvement taxes on the lot in question, and that appellee has since his conveyance to the decedent, paid said assessments, amounting in the aggregate to the sum of $137.88, and the chancellor decreed appellee a lien on the lots for that amount. The payments were made by appellee to protect the lien on the property and the fact that his remedy for the recovery on his note is barred does not prevent him from recovering the amount paid out in protection of that lien.

We are of the opinion, therefore, that the chancellor was correct in decreeing a lien for the amount paid out for the improvement taxes, and this is so irrespective of the statutory bar against recovery on the note. The decree is, therefore, reversed, and the cause is remanded with directions to enter a decree dismissing the com-

plaint as to recovery on the note, but decreeing in favor of appellee for amount paid out by him in discharge of improvement assessments on the property. It is so ordered.