WARD FURNITURE MFG. CO. *v.* REATHER.

5-2451 · 350 S. W. 2d 691

Opinion delivered November 13, 1961.

*Harper, Harper, Young & Durden,* for appellant.

*Clinton R. Barry* and *D. L. Grace,* for appellee.

*McMath, Leatherman, Woods & Youngdahl,* Amicus Curiae.

ED. F. McFADDIN, Associate Justice. The question here presented is the legality and propriety of a Circuit Court Order remanding—for the second time—a claim to the Workmen's Compensation Commission for further investigation.

For a number of years, appellee, John P. Reather, was employed in the manufacturing plant of appellant, Ward Furniture Manufacturing Company. In September, 1956, Reather became ill while at work and has never been able to resume work. He filed claim with the Workmen's Compensation Commission, claiming total permanent disability because of damage to his respiratory organs resulting from constantly inhaling dust in the place where he worked. He claimed that his disability arose out of and in the course of his employment. Numerous witnesses testified; the hearings were adjourned from time to time at the request of the parties; and, on

April 15, 1959 the Workmen's Compensation Commission delivered a lengthy and well-considered opinion allowing the claim.[1]

The employer appealed to the Sebastian Circuit Court; and on January 11, 1960, that Court entered a judgment which said in part:

"The court therefore finds that although the evidence in the record is insufficient to support the award, there is not sufficient evidence in the record to justify a final denial of the claim and that in the interest of justice this cause should be remanded to the Workmen's Compensation Commission for further and full hearing.

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED BY THE COURT that pursuant to the provisions of the Arkansas Workmen's Compensation Commission herein appealed from be and the same

---

[1] After eight and one-half pages of factual recitations, the Commission's opinion states in part:

"The evidence in the case is undisputed and we are, therefore, confronted with the question of whether or not testimony of claimant, his wife, his fellow employees and of Dr. H. B. Thompson constitutes substantial proof that claimant did sustain an injury arising out of and during the course of his employment.

"We have made an unusually long statement, for the reason that it appears to us that the Referee erred in his finding that the claimant failed to sustain the burden of proof placed on him by the Act to show that he sustained an injury arising out of or in the course of his employment.

"There is an abundance of testimony that establishes that the condition of the place where claimant worked was conducive to lung infection. No one has denied that the claimant became disabled while at work, went home sick, was treated by a physician for a long period of time, never returned to seek employment, and has never worked at anything since the day he left his employment on September 25, 1956.

"It is true that the claimant has not shown that he has silicosis, but we do not understand that that is his contention. It is undisputed that he does have a lung infection. The Booneville doctors themselves certified that they found evidence of pulmonary emphysema. This term is defined in Dorland's American Medical Dictionary as 'unnatural distention and rupture of the air vessels of the lungs. It is usually due to excessive effort in expiration.' So it is established beyond question that claimant has some sort of disease of the lungs. Whether it is temporary or permanent, we do not know, but there is no question but what claimant is wholly disabled at the present time. There is some intimation that being away from the place where he is requred to breathe dust and proper treatment, he may recover.

"We are, therefore, of the opinion that the claimant has established a compensable injury and that he should be paid at the rate of 65% of his earnings at the time he ceased working for respondent, not to exceed a weekly rate of $25.00. . . ."

is hereby vacated and set aside, and this cause be and it is hereby remanded to said Commission with directions that both parties be permitted to present additional evidence, and for other proceedings not inconsistent with this order.''

The claim went back to the Commission, and on August 3, 1960, further lay and medical testimony was offered. Dr. Rose, called by the claimant, stated:

''He's only got one lung. He's got fibrosis of the left lung and he'll never be any better . . .

Q. What, in your opinion, caused the fibrosis of his lung?

A. I imagine the dust particles, according to the history of it.

Q. Did you take x-rays of his lung?

A. No, sir. I didn't. I read all the reports, saw all the medical reports on him.

Q. Have you seen any x-rays of his lung?

A. No, I haven't.''

Dr. Darnall, called by the employer, testified that wood dust would not cause silicosis or asthma; that claimant was a sick man, but there was nothing in his employment to have produced his present condition.[2] In short, the doctor found no evidence that the employee's present condition arose out of or in the course of his employment.

On August 31, 1960, the Workmen's Compensation Commission entered an order disallowing the claim of Mr. Reather. That this disallowance was because of the Commission's understanding of the Circuit Court Judgment of January 11, 1960, is clearly shown by the following excerpt from the Commission's order:

''We are concerned, first, with the effect of the judgment of the Circuit Court upon this claim and upon the

[2] Dr. Darnall admitted that he did not examine Mr. Reather for bronchiectasis: "No, I did not do a bronchogram on him. I didn't take a bronchography."

record previously before the Commission. The Supreme Court has time and again construed Section 25 (b) of the Workmen's Compensation Law (81-1325 (b), Ark. Stats., 1947) as a prohibition against a disturbance, on appeal, of findings of fact by the Commission if they are supported by any substantial evidence; and in determining whether there is sufficient evidence, it must be viewed in its strongest light in favor of such findings. See citations on Page 195 of 1960 Replacement, Volume 7-A, Ark. Stats., 1947, Annotated.

''The effect of said judgment by which the Commission is bound is that, giving the testimony its strongest probative force, there was no substantial evidence before the Commission to support the finding in favor of a compensable injury. ''Following the Circuit Court's order, the parties have presented additional evidence, as hereinabove mentioned. There being no substantial evidence in the record, the burden is, of course, on the claimant to show that he was injured while in the course of and as a result of his employment. His own testimony taken before Referee Maner adds little if anything to his former testimony. The testimony of claimant's witness, Dr. Rose, was somewhat impotent and unsubstantial and was completely refuted by the positive and convincing testimony of Dr. Darnall.

''We, therefore, find that claimant has failed to establish his claim and that it should be denied.''

From the Commission's Order, the claimant appealed to the Circuit Court, which again vacated the Commission's Order and again remanded the claim to the Workmen's Compensation Commission for investigation. We now copy at length from the Opinion and Order of the Circuit Court of December 15, 1960:

''The court again has before it on appeal this workmen's compensation case in which the claimant seeks compensation for disability which he conetnds arose out of his long employment in a section of the employer's factory where dust is said to have constantly prevailed due to sanding operations on the furniture. The referee

disallowed the claim in an opinion filed April 15, 1959 on the ground that the claimant had failed to show that he received an injury arising out of or in the course of his employment. The full commission on November 10, 1959 reached a contrary decision to that of the referee and allowed the claimant compensation. The case was thereafter appealed to this court and in an opinion dated January 11, 1960 this court remanded the case back to the Workmen's Compensation Commission for rehearing on the ground that the medical evidence had not been fully developed and that due to the inconclusive state of the record it was considered by the court that no intelligent opinion could be arrived at so as to properly adjudicate the issue of whether or not the claimant's disability arose out of his employment. In accordance with this view this court set aside the award and remanded the case to the full commission for a further and full hearing. Upon having the matter returned to it the full commission directed Referee Maner to conduct a hearing for the commission and at this hearing the claimant, Dr. Harley C. Darnall and Dr. W. F. Rose testified. Following this hearing the commission rendered its opinion dated August 31, 1960 now before the court. In this opinion the commission found that the additional testimony had not produced any substantial evidence in support of the claim and ruled that since they considered themselves bound by the court's previous finding that the record as remanded was not sufficient and since no substantial proof had been added to it that therefore the award would have to be denied.

"This court is in agreement with the commission that the testimony adduced before the referee added nothing to the record . . . The court is accordingly constrained to take the position that the purpose of its previous order has yet to be carried out. In view of this omission the record is therefore being again remanded for a rehearing with the specific order to the commission that it employ a medical examiner qualified in the field in question for the purpose of securing additional specialist medical testimony relative to the issue of whether

or not the claimant's disability arose out of and in the course of his employment.

"In view of this situation a brief review of certain aspects of this case appear to be indicated. It is undisputed that since 1948 the claimant has been employed in a room where furniture was sanded and there is nothing in the record to controvert the testimony of the claimant and others who testified that the sanding operations produced dust to which claimant was necessarily exposed. Respondent's own doctor admits that the claimant is incapacitated for work but he does not explain from what cause, his testimony being limited to claimant's pulmonary tree which in the doctor's opinion had not been affected by the dust. The claimant's medical testimony came from Dr. Thompson, a general practitioner. Dr. Thompson offered a choice of several diagnoses as to the cause of the claimant's disability, being an allergy from work dust manifested by asthma, a fibrotic condition of the lungs produced by silicosis, bronchietasis, and he also suspected tuberculosis. Dr. Thompson caused the claimant to be examined by Dr. Hollis at the Arkansas Tuberculosis Sanitorium and Dr. Hollis' report stated that he found no evidence of silicosis or tuberculosis, and that claimant had no marked pulmonary insufficiency. There was, according to Dr. Hollis, 'some evidence of pulmonary emphysema,' and Dr. Darnall also mentioned in his testimony that claimant had 'what we diagnosed as minimal pulmonary emphysema,' but that he regarded the condition as normal for the claimant's age and the subject of emphysema has not been pursued in the record.

"While sentences can be extracted from Dr. Thompson's testimony that would in some measure provide some basis for a service connected disability, his testimony as a whole and when considered in the light of the other medical proof is regarded as below the minimum standards of substantial proof. The court realizes that this position verges upon the area of passing upon the credibility of the witnesses, thus invading the province of the commission. However thin the line may be, the

question of what constitutes substantial evidence is understood by this court to be a question of law, and in the instant case the court regards Dr. Thompson's testimony as presenting no more than a choice of possibilities, and thus as unsubstantial.

"The next question is: Can or should we stop here? In the case at bar the court does not feel that this question can be answered in the affirmative for several reasons bearing on the rights of both the claimant and his employer. In this case we have a disabled claimant, this is admitted, and there are medical questions involved which if adequately developed might well support his theory of the case. As the matter stands we have but one side of the story fairly and lucidly presented, that being the testimony of Dr. Darnall who unequivocally refutes claimant's theory. And he may be entirely correct, for frequently the complex human body confuses the sufferer as to the true source of his ailment, and in the instant case dust may not be the foundation of the claimant's condition. Likewise, it goes without saying, a medical expert may be confused in his diagnosis. This colloquy of the court reveals the confusion that exists in its mind with regard to this case and illustrates why it was remanded to the commission for further proof. This case is one-sided insofar as proof goes, and since this is a condition which can be remedied the remedy should be applied in the interest of fairness to all concerned.

"In remanding the record the court wishes to take this opportunity to express belief in the principle that a circuit court does not have to accept for final adjudication just any compensation record forwarded to it but that the court may and should examine the record to determine whether or not all reasonably available and necessary proof has been adequately developed so as to permit a proper consideration of the issues involved. This view is essential to and compatible with the duty of the court to pass upon the questions relegated to its jurisdiction under the workmen's compensation act and gives meaning to that part of the statute giving the court authority to remand a case for a rehearing. (Ar-

kansas Statutes Annotated, Vol. 7-A, Sec. 81-1325 (b).) Further, in connection with the subject of the completeness of a record, it is the opinion of the court that the Workmen's Compensation Commission should not regard itself as sitting aloof as in a purely adversary proceeding, accepting only what is offered it in deciding a case. The workmen's compensation act enjoins a different role in letter and spirit, for example Sec. 81-1319 (i) of the Arkansas Statutes Annotated provides that the commission may upon its own initiative * * * make such investigation, cause such medical examination to be made, hold such hearings, and take such further action as the commission deems proper for the protection of the rights of all parties; Sec. 81-1823 (b) provides that the commission shall make or cause to be made such investigation as it considers necessary in respect to a claim; and in Sec. 81-1327 the law provides that in conducting hearings the commission may make such investigations or inquiries or conduct the hearing in a manner as will best ascertain the rights of the parties. Lastly, in remanding this record for rehearing with the direction that the commission make such arrangements as are necessary for the claimant's examination by a competent medical specialist, and for the procuring of his testimony before the commission, the court has in mind sub-sections (2) and (3) of Sec. 81-1343 of the statutes. One further subject should perhaps be mentioned. In holding the record as returned to the court as insufficient to support the award, the commission, as noted, reasoned that they were bound to accept the prior decision of the court that the original record was insufficient, and that since the additional proof was not substantial the commission reversed itself and disallowed the claim. Without questing the logic of the commission's reasoning the court wishes to state that it did not intend to commit the commission to a piece-meal examination of each hearing nor was there any intent to circumscribe the future judgment of the commission after the additional evidence was adduced, but rather it was the intent of the court to give the commission a free hand to act as it saw fit in

the light of all the testimony finally before it. With this in view the award to the claimant was set aside and for the same reason the denial of the award is also set aside. In connection with this procedure some question might arise as to the propriety and right of the commission to again exercise jurisdiction where its previous award had been undisturbed by the appellate court.

"IT IS THEREFORE, BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that pursuant to the provisions of the Arkansas Workmen's Compensation Act, the award of the Arkansas Workmen's Compensation Commission herein appealed from be and the same is hereby vacated and set aside and that this cause be and it is hereby remanded to said commission with directions to carry out the orders of the court contained herein."

From the foregoing Circuit Court Order of December 15, 1960, the employer appeals to this Court. Assuming, without deciding, that the said Circuit Court Order is an appealable judgment, we conclude that the sole desire of the Circuit Court was to see justice done by a full investigation and development of the facts. This Court, as well as the Workmen's Compensation Commission, will join the Circuit Court in such desire.

The first Circuit Court Order was not concise enough for the Commission to understand all that was desired, but the present Order of the Circuit Court leaves no uncertainty. All of the evidence shows that this claimant collapsed while at work in September, 1956, and has not been able to work subsequently. Did his injury arise out of and in the course of his employment? Does he suffer from some occupational disease? Can this claimant make a case for compensation as was done in *Solid Steel Scissors Co.* v. *Kennedy,* 205 Ark. 958, 171 S. W. 2d 929? Various other unanswered matters are reflected by the record in this case. Under § 81-1343 Ark. Stats. under other provisions of the Compensation Act, the Commission has full power to obtain the evidence that will afford sufficient answers to determine this claim. A

hearing before the Commission is not a game: it is a patient, honest, sincere effort to ascertain the facts and apply the law. Our Commission has been most diligent and conscientious in the performance of its duties; and we feel sure that this case will be thoroughly developed now that the Circuit Court's Order is fully understood.

Affirmed.