PHILLIPS v. BRAY.

5-2539                                              351 S. W. 2d 147

Opinion delivered November 20, 1961.

[Rehearing denied January 8, 1962.]

*J. B. Milham,* for appellant.

*Riddick Riffel,* for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation Case. Appellant, J. Ward Phillips, was injured in 1955, was granted compensation in November 1958 for 56 1/4 weeks at $25 per week, and then filed for increased compensation in January, 1960. This latter claim was denied by the Referee, the full Commission and the Circuit Court, and now this appeal is prosecuted by appellant. Although the above mentioned three tribunals reached the same result which we hereafter reach, this result is not reached for the same reasons. To clarify the situation we deem it expedient to set out below a chronological summary of the essential facts involved and also the several procedural steps taken.

Appellant was injured in the course of his employment on September 9, 1955. A claim was promptly filed, pending which he was paid $100 for four weeks total disability. A hearing on the claim was repeatedly delayed because of the ill health (and subsequent death) of appellant's attorney. Finally a hearing was held before a Referee (Calhoun) on November 12, 1958. The Referee found that appellant received a 12 1/2 percent permanent partial disability to the body as a whole, and he was awarded $25 per week for 56 1/4 weeks. No appeal was taken from this award, and thirty days after the award was made the insurer paid appellant the full sum of the award, or $1,406.25. A record of the proceeding before Referee Calhoun is not contained in the record before us.

On January 18, 1960 appellant filed a claim for total permanent disability before a Referee (Mathis) at which time testimony was introduced by appellant and two other witnesses tending to show (a) that appellant was totally disabled and (b) that the doctor bills of Dr. Cole and Dr. Hundley had not been paid. The respondent contended it had paid all bills presented, and took the position that this claim of appellant was barred by Ark. Stats. § 81-1318 (b). Based on the above proceedings another Referee (Thomasson), on September 19, 1960, found (a) that the claim was barred by the above

statute and (b) that all "medical bills for which respondent is responsible have been paid".

An appeal from the above decision was taken to the full Commission. At this hearing appellant (the only witness) testified at length, principally to the effect that the bills of Dr. Cole (in the amount of $40) and Dr. Hundley (in the amount of $87) had not been paid. He also attempted to show that he was totally disabled. The respondent again contended all bills had been paid and that the claim was barred. The full Commission found: (a) The claim was not barred by statute; (b) Dr. Cole's bill had not been but should be paid, and; (c) "there was no showing that the claimant is disabled to any further than the 12 1/2 percent for which he has been awarded and paid compensation".

On appeal to the Circuit Court the findings of the full Commission were affirmed. In doing so, the trial court said it could "find no where any testimony which indicates that his [claimant's] present condition is in any way related to his traumatic injury in 1955".

We agree with the result reached by the full Commission and the Circuit Court, but we reach that result for different reasons hereafter set forth.

(1) The Commission and the Circuit Court (as above shown) found claimant had produced no substantial evidence to show that his present disability exceeded 12 1/2 percent (for which he had already been paid), or, if it did, there was no substantial evidence to show such excess disability was the result of the 1955 injury. Our view is that, if the claim is not barred by limitations, the cause would have to be remanded to the Commission to give claimant an opportunity to produce the required evidence. We say this because it appears from the record that claimant was misled into a failure to produce such evidence before the Referee. The hearing before Referee Mathis (above mentiond) was the time and place for claimant to present the required testimony, but it appears to us (and it may have appeared to claimant)

that the hearing was limited to the question of limitations.

*Mr. Riffel*: ''Are we going to confine this hearing to the question of limitations?

*Mr. Mathis*: ''Yes.

*Mr. Milham*: ''Are you ready now?

*Mr. Mathis*: ''Yes. Have your first witness come around and take the chair please.''

(2) It is our opinion, however, that appellant's claim is barred by § 81-1318 (b) previously mentioned. The above subsection reads:

''*Additional compensation.* In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of accident, which ever is greater.''

The last payment was made to appellant on December 12, 1958, and his claim for additional compensation was not filed until January 18, 1960. Thus it definitely appears on the face of the record that the claim for total permanent disability was filed too late. To avoid this result, claimant contends (a) the last payment was not made until 56 1/4 weeks after the payment on December 12, 1958 and (b) all doctor bills have not been paid.

(a) Claimant's contention before the Referee was that the weekly payments should start on November 12, 1958 (the date of the award) and run for 56 1/4 weeks; this would extend the time to about December 15, 1959, and the one year allowed by statute would give him until December, 1960 to file his claim. For several reasons, we cannot agree with appellant. Under the statute weekly payments begin fifteen days after notice to the employer of injury [§ 81-1319 (b)]. We know claimant gave prompt notice (in 1955) because he was paid for

four weeks in 1955. Also, there can be no doubt **that** the $1,406.25 payment was to take care of payments already accrued, and not for future accruals. This is confirmed by the language used in § 81-1319 (k) which allows a 4 percent deduction when future payments are discharged by a single total payment. This deduction was not claimed or taken here by appellees. We see no merit in the argument that claimant would be entitled to an additional 20 percent of all past due payments *if* the $1,406.25 is so considered. This argument is predicated on § 81-1319 (f). It will be noted however that this penalty attaches only where an award has been made. No award was made in this case until November, 1958, and payment was made the next month.

(b)   Next, it is appellant's contention that the one year statute of limitations is tolled by appellees' failure to pay certain doctor bills. The Commission (and the Circuit Court) found that Dr. Cole's bill for $40 has not been but should be paid. Although appellant has not specifically pointed out just how and why this would toll the statute, we assume it is because medical bills are a part of compensation and therefore the one year limitation would not begin to run until the last bill is paid. If this contention is sound, then appellant still has time in which to file his new claim. For reasons set out below, we have concluded that the above contention is not tenable.

Turning to § 81-1311 we find the employer "shall promptly provide for an injured employee such medical . . . service . . . as may be necessary during this period of six [6] months after the injury . . ." This same section also provides that all persons who render such services shall submit the reasonableness of their charges to the Commission for approval. We think the only reasonable and workable interpretation to place on the above provision is that Dr. Cole (in this instance) had to *present* his bill or claim at least before his claim was finally processed. In this case that date is fixed as December 12, 1958 which was the last day claimant had

to appeal from the award of the Referee. Any other interpretation would amount to a nullification of the one year statute of limitations. No one can reasonably contend that a doctor could, by carelessness or connivance, keep the case in suspense for an unlimited time by merely failing to present his bill to the Commission. It seems perfectly obvious that the primary purpose of the one year statute of limitations is to give the claimant that much extra time in which to decide whether he has been fully compensated for his injury, and not for the purpose of paying belated medical bills. The decisive issue therefore is: Does the record show any unpaid bills for which appellees were liable and which were filed with the Commission before December 12, 1958. Dr. Hundley's bill can be eliminated (as it was by the Commission and the Circuit Court) on the ground that his services were engaged by claimant's attorney in preparation for a hearing, and therefore not a responsibility of appellees.

Dr. Cole's bill presents a different situation. Regardless of whether or not Dr. Cole rendered services chargeable to appellees for which he has not been paid, we fail to find any substantial evidence in the record to show he filed his claim with the Commission prior to November 12, 1958. The testimony of claimant was that he talked with the Commission about the bill after the award, that is, after November 12, 1958. He said he checked with the Commission and they first said it had been paid, and that later they checked and said it had not been paid. At no time and in no way did claimant or any of his witnesses attempt to say Dr. Cole's bill was duly filed with the Commission. In our opinion the burden was on claimant to make such showing since otherwise his claim was obviously barred by the one year statute of limitations. This burden on appellant becomes more apparent when we consider the positive testimony introduced by appellees. At the hearing before the full commission a letter was dated September 23, 1960 from the Arkansas Claim Office of the insurer addressed to appellees' attorney, regarding this claim, was introduced in evidence without objection. It reads: ''Attached is

photo copy of the only bill Dr. Cole ever submitted to us in connection with this claim. It was paid January 10, 1956.''

It is our conclusion from all that has been heretofore said that appellant was barred by the statute of limitations. This conclusion confirms the judgment of the Circuit Court and also the Commission. We find no inconsistency in this opinion and the finding by the Circuit Court and the Commission that appellees are indebted to Dr. Cole in the amount stated. We think the Commission has the authority to order payment of a just claim regardless of whether it was filed in accordance with § 81-1311 above mentioned.

Affirmed.

McFADDIN, and JOHNSON, JJ., dissent.

ED. F. McFADDIN, Associate Justice, dissenting.

In *Ward Furniture Manufacturing Company* v. *Reather*, 234 Ark. 151, 350 S. W. 2d 691, we affirmed the judgment of the Circuit Court which returned a case to the Workmen's Compensation Commission for further development. I am strongly of the opinion that the same course should be pursued in the case at bar because there are several matters absent from the record in the present case. On the record here before us, I cannot vote to deny the worker his claim for compensation.

The Majority Opinion says: ''Our view is, that if the claim is not barred by limitations the cause would have to be remanded to the Commission to give claimant an opportunity to produce the required evidence'' (to connect claimant's present condition to the original trauma). I agree with the foregoing statement, and learned counsel for appellee so conceded in the oral argument before this Court. But the Majority holds that Mr. Phillips' present claim (*i.e.*, the one filed with the Commission[1] on January 18, 1960) is barred by limitations; and it is from such holding that I dissent.

---

[1] This claim was filed with the Commission and not "before a Referee, Mathis" as stated in the Majority Opinion.

On appeal from the Referee, the Full Commission held that the claim was *not* barred by limitations, saying:

"The Referee was in error in holding that the claim was barred by limitations. The determination of the degree of permanent partial disability of the claimant was not made by the Referee until November 12, 1958. The period covered by the degree of disability determined extended for 56 1/4 weeks. This period did not end until about December 15, 1959, and the claim was filed January 18, 1960. Furthermore, not all of the doctor's bill due Dr. John W. Cole has been paid."

Thus, the Commission assigned two reasons for holding that the claim was not barred: (a) the award of November 12, 1958 was prospective and did not expire until December 15, 1959; and (b) all of the bill due Dr. John W. Cole had not been paid by the employer. I desire to discuss these two findings made by the Commission, each of which is reversed by the Majority Opinion.

(a) *The Award of November 12, 1958 Was Prospective.* In holding that the Commission was in error when it said that the payments due under the award of November 12, 1958 were prospective, the Majority Opinion says: "Also, there can be no doubt that the $1,406.25 payment was to take care of payments already accrued and not for future accruals." I cannot see how the Majority can be so positive in the above quoted statement when the Majority Opinion had previously recited: "A record of the proceedings before Referee Calhoun is not contained in the record before us." How can the Majority be so positive that the payments under the award of November 12, 1958 were not prospective, as the Commission found, when the Majority does not have in the present transcript a copy of the award[2] made by Referee

---

[2] The only thing that the Majority has is a "Statement of the Case" made by Referee Thomasson on September 19, 1960, which reads: "Several hearings in this cause culminated in an opinion dated November 12, 1958, in which Referee J. R. Calhoun found that the claimant had a 12 and ½ per cent permanent partial disability to the body as a whole and awarded him compensation at the rate of $25.00 per week for 56 and ¼ weeks, in addition to all reasonable medical expenses incurred as a result of his injury."

Calhoun on November 12, 1958? The Commission certainly had in its files the original award made by Referee Calhoun in 1958; and, based on that award, the Commission held in this case that the payments were prospective. Does the Majority mean to say that, as a matter of law, an award by the Referee could never be prospective? Unless the Majority goes to that extent, it is overruling the Commission on a question of fact when the record evidence (on which the Commission could have based its ruling) is not before us. So I cannot agree with the Majority Opinion, when it holds that the award was not prospective.

(b) *All of Dr. Cole's Bill Had Not Been Paid By The Employer.* The Commission held that all of Dr. Cole's bill had not been paid by the employer; and the Majority is reversing the Commission on this question of fact. In the hearing before the Full Commission, Mr. Phillips testified regarding Dr. Cole's bill:

"A. It hasn't been paid and the time I got it, Mr. Calhoun was in charge then and he asked me to get receipts from all druggists that I owed and doctors. And I got a receipt from the Cole Drug Company, from the Millard Drug Company at Malvern, from the Parker Drug Company at Benton. And they were all paid except Dr. Cole.

Q. Dr. Cole's bill hasn't been paid yet?

A. No, sir.

Q. And you've talked to him recently about that?

A. Yes, sir."[3]

So, we have in the record now before us the positive testimony of Mr. Phillips that he got Dr. Cole's unpaid bill in accordance with instructions from Referee Calhoun, and that the said bill had not been paid. With that

---

[3]It was also shown by Mr. Phillips' attorney that there had been a continuous effort to collect Dr. Cole's bill from Mr. Bray. In the colloquy before the Commission, it developed that Mr. Phillips' attorney had sued Mr. Bray in the Circuit Court for the balance of Dr. Cole's bill; and the Circuit Court held that it did not have jurisdiction because the bill was to be paid through the Workmen's Compensation Commission.

positive testimony in the record the Commission found that the bill was unpaid, yet the Majority is reversing the Commission on this fact question!

The last item in the record before the Full Commission was the remark by Mr. Bray's attorney, which is as follows:

"Chairman Pope: Do you have anything, Mr. Riffel?

Mr. Riffel: No, sir. I haven't got anything. I note on our Final Receipt that — looks like $112.67 in total medical expenses were paid. I don't know what that's for. We did send him to several other doctors. I guess that's the twenty-four dollars they paid to Cole plus the rest of them.

Chairman Pope: Well, let the matter be submitted."

This last copied item speaks volumes. The Workmen's Compensation law requires in § 81-1319 (h) Ark. Stats:

"Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the Commission a notice, in accordance with a form prescribed by the Commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid . . ."

That some such *final receipt* was filed with the Commission is shown by the last colloquy above; but that final receipt is not in this record before us. The Commission had that final receipt before it; and, from that receipt, could have reached the conclusion that Dr. Cole got only $24.00 on his bill and that the remainder had not been paid. In other words, the Commission could have reached the conclusion that there was still $30.00 left unpaid, just as Mr. Phillips has contended all the time. If that $30.00 was shown as unpaid, then the claim is not barred!

The Commission had before it at least two documents that we do not have: (a) Referee Calhoun's award of November 12, 1958, and (b) the final receipt. With these documents before it, the Commission made a factual finding that the claim of Mr. Phillips was not barred. This Court should not reverse the Commission on a fact issue when we do not have all the facts before us that the Commission had before it.

Therefore, I dissent from the holding of the Majority and maintain that this claim should be sent back to the Commission for further development, just as was done in *Ward Furniture Manufacturing Company* v. *Reather,* first cited herein.