JAMES MILLER v. AMOS EVERETT AND WILLIAM B. NEWBY AND SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY

5-5934                                        481 S.W. 2d 335

Opinion delivered June 12, 1972

*Macon, Moorhead & Green,* for appellant.

*Daggett & Daggett,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant James Miller received a compensable injury on October 25, 1968, while employed by Everett and Newby. Appellee Southern Farm Bureau Casualty Insurance Company, the employer's compensation carrier (to which we will refer as the appellee), made certain voluntary payments to the claimant for temporary compensation through January 3, 1969. Also paid by the carrier were medical expenses incurred by appellant up to December 11, 1968. The last payment made was by a draft dated January 6, 1969, which covered temporary compensation payments from December 15, 1968, through January 3, 1969. On February 19, 1969, Charles B. Mills, appellee's District Claims Supervisor, wrote the Workmen's Compensation Commission advising it that Southern Farm Bureau had made all payments required by the act and that it would controvert any compensation or medical bills incurred on or after December 11, 1968. Appellant was informed of Southern Farm Bureau's action by a letter from the commission dated February 24, 1969. No action was taken by appellant until December 31, 1970, at which time his present attorneys filed a claim for payment of medical expenses incurred by appellant from December 11, 1968, through January 15, 1969. This claim was denied by the referee for failure to bring an action for additional compensation within the prescribed statutory period. Ark. Stat. Ann. § 81-1318 (b) (Supp. 1971). That decision was affirmed by the full commission and was again affirmed on appeal to the circuit court. On appeal we review the decision of the commission. *Lane Poultry Farms* v. *Wag-*

*oner,* 248 Ark. 661, 453 S.W. 2d 43. We agree that the claim was barred.

Appellant argues that his claim for payment of medical and hospital bills incurred from December 11, 1968, through January 15, 1969, was not a claim for additional compensation under § 81-1318 (b) but rather a claim for medical and hospital expenses accruing within the six-month period after the injury. See Ark. Stat. Ann. § 81-1311 (Repl. 1960). In a similar situation we rejected the theory that, because medical bills are a part of compensation, the one-year limitation would not begin to run until the last such bill was paid. *Phillips* v. *Bray,* 234 Ark. 190, 351 S.W. 2d 147. In *Phillips,* we said, "No one can reasonably contend that a doctor could, by carelessness or connivance, keep the case in suspense for an unlimited time by merely failing to present his bill to the Commission. It seems perfectly obvious that the primary purpose of the one-year statute of limitations is to give the claimant that much extra time in which to decide whether he has been fully compensated for his injury, and not for the purpose of paying belated medical bills." The same holds true in this case. Appellant cannot toll the statute of limitations by alleging that his claim is not for additional compensation when he did not present it for more than one year after the last payment was voluntarily made by appellee.

Although at one point in his argument appellant seems to concede that his claim is barred by § 81-1318 (b), he contends that appellee knew of these expenses for which it was allegedly liable at the time it sent its letter to the commission controverting any further payments to appellant. It would appear then that appellant is contending in the alternative that the running of the statute of limitations was tolled by appellee's wrongful refusal to make further payments.

A claim for additional compensation must be filed within one year from the date of the last payment of compensation or two years from the date of the accident, whichever is greater, Ark. Stat. Ann. § 81-1318 (b), unless there is some action on the part of the employer or the

compensation carrier which will toll the statute or will estop either from asserting it as a defense. *McFall* v. *United States Tobacco Co.,* 246 Ark. 43, 436 S.W. 2d 838. The correctness of appellee's assertion that it would not be liable for payments accruing after December 11, 1968, was a question that appellant was entitled to litigate before the Workmen's Compensation Commission. Appellant was apprised of this right in the letter sent from the commission dated February 24, 1969. Appellant testified that he knew that appellee intended to make no further payments and that he went to see a lawyer (other than his present counsel) about his claim, but this lawyer never filed a claim in his behalf. This claim was not instituted until December 31, 1970, and then only by appellant's presently retained counsel who were employed in late December of the same year. Appellant made no claim that any act of appellee caused him to delay in filing his claim, or misled him or that any fact was concealed from him, nor does he contend that the commission's finding to the same effect is not supported by substantial evidence.

It would appear then that appellant's theory is that it is basically unfair to allow a party to escape his liabilities by pleading the statute of limitations. But this is not enough. There must have been a showing by the appellant that his failure to bring his cause of action within the prescribed time was due to some action of the appellee, or that some other event tolled the statute. *Phillips* v. *Bray,* 234 Ark. 190, 351 S.W. 2d 147; *McFall* v. *United States Tobacco Co.,* supra. The statute of limitations applies with full force to the most meritorious claims, and the court cannot refuse to give the statute effect merely because it seems to operate harshly in a case involving an obviously meritorious claim. *Abbott, Adm.* v. *Johnston,* 130 Ark. 1, 195 S.W. 676.

We are not unmindful of appellant's argument that pursuant to *Phillips,* supra, the commission has the authority to order payment of a doctor's claim whether or not it was filed in accordance with § 81-1311. Even if the commission had authority to do this, it did not do so in this case, and we cannot extend the statute of

limitations on appeal. *McFall* v. *United States Tobacco Co.*, supra. There is nothing here to indicate that the hospital whose bills constitute a part of this claim had withheld its bills or neglected to submit them. Actually they were submitted to appellee, who advised the hospital that they should be submitted to appellant. Furthermore, the only question presented to the commission was whether the claims were barred by limitations. In *Phillips* there does not appear to have been an issue as to the application of the statute to the doctor's bill. The only question was whether the failure of the doctor to submit his bill tolled the statute of limitations provided in Ark. Stat. Ann. § 81-1318 (b). We held that it did not.

Appellant's failure to take the appropriate steps within the one-year period bars him from making this claim for additional compensation. The judgment is affirmed.