
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-23

| | |
|---|---|
| SCOTT DAVIS<br><br>           APPELLANT<br><br>V.<br><br>LAVONNA JOY DAVIS, Individually, In Her Capacity as Trustee of the Lavonna Joy Davis Revocable Living Trust and In Her Capacity as President and Sole Board Member of Families, Inc. of Arkansas;<br>FAMILIES, INC. OF ARKANSAS; and JOHN DOES 1-10<br><br>           APPELLEES | **Opinion Delivered** January 20, 2016<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. CV-2014-114]<br><br>HONORABLE DAVID N. LASER, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Scott Davis appeals the order and judgment entered by the Circuit Court of Craighead County, dismissing his complaint against appellees Families, Inc. of Arkansas (Families); Lavonna Joy Davis (Joy), individually and in her capacity as trustee of the Lavonna Joy Davis Revocable Living Trust and in her capacity as president and sole board member of Families; and John Does 1–10.[1] Scott argues that the trial court erred as a matter of law and/or abused its discretion in dismissing his claims for violation of the Arkansas

---

[1] There is no evidence in the record that any John Doe defendants were served with the complaint. Therefore, the trial court's order and judgment granting the motions to dismiss of Joy and Families dismissed the claims against the John Doe defendants. *See* Ark. R. Civ. P. 54(b)(5) (2015). The John Doe defendants are not parties to this appeal.

SLIP OPINION

Securities Act (Act), unjust enrichment, and the tort of deceit, along with his request for rescission. We affirm.

Families is a closely held corporation that provides mental-health services. In 2009, Families had 100 shares of stock. Joy owned seventy-five shares, and her husband, Tom, owned twenty-five shares. Tom passed away on May 26, 2009, and as part of the settlement of his estate, Scott received ten shares of Families stock. In May 2011, Joy and Scott entered into a Stock Purchase and Sale Agreement (Agreement), whereby Scott agreed to sell Joy his ten shares of Families stock for $185,000.

On March 19, 2014, Scott filed a complaint against Joy and Families alleging that they fraudulently induced him to sell his shares of stock for a fraction of the stock's true value. Scott alleged that Joy and Families systematically and intentionally failed to provide him with mandatory financial disclosures, committed acts of corporate oppression to intimidate and otherwise pressure him to relinquish his shares of stock, and committed widespread corporate waste in order to artificially diminish the market value of his shares of the stock. The complaint alleged three causes of action: violation of the Arkansas Securities Act, deceit, and unjust enrichment. He sought a judgment against Joy and Families, an order rescinding the sale of his ten shares of stock, interest, attorney's fees, and punitive damages.

Joy and Families filed separate motions to dismiss Scott's complaint pursuant to Rule 12(b)(6), contending that the complaint failed to state facts upon which relief could be granted. They also argued that Scott's claim under the Act was barred by the statute of limitations; he lacked standing to pursue a claim for unjust enrichment; and his request for rescission was untimely.



After a hearing, the trial court entered an order and judgment on September 24, 2014, granting the motions. This appeal followed.

## I. *Violation of the Arkansas Securities Act*

The trial court's order and judgment dismissing Scott's securities-fraud claim under the Act was based on three reasons: (1) the Act was primarily intended to apply to buyers of stock and not sellers; (2) the claim was barred by the Act's three-year statute of limitations set forth in Arkansas Code Annotated section 23-42-106(g); and (3) Scott failed to state facts upon which relief could be granted because the Agreement acknowledged full compliance with the Act and did not constitute a waiver of the requirements of the Act. On appeal, Scott argues that all three findings were erroneous. It is unnecessary, however, to address Scott's first two arguments because if the Act applied and Scott's complaint was timely filed, he failed to state facts upon which relief could be granted.

The granting of a Rule 12(b)(6) dismissal is reviewed under the abuse-of-discretion standard. *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 5, 436 S.W.3d 445, 449. In determining whether the trial court abused its discretion in dismissing a plaintiff's complaint pursuant to Rule 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* at 6, 436 S.W.3d at 449. We construe the pleadings liberally and resolve all reasonable inferences in favor of the complaint. *Id.*, 436 S.W.3d at 449. The rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*, 436 S.W.3d at 449 (citing Ark. R. Civ. P. 8(a) (2013)). The court will look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.*, 436

SLIP OPINION

S.W.3d at 449. Where the complaint states only conclusions without facts, we will affirm the

trial court's decision to dismiss the complaint pursuant to Rule 12(b)(6). *Id.*, 436 S.W.3d at

449.

The Act provided that

> [a]ny person who purchases a security . . . by means of any untrue statement of a
> material fact or any omission to state a material fact necessary in order to make the
> statements made, in light of the circumstances under which they are made, not
> misleading, the seller not knowing of the untruth or omission, and who shall not
> sustain the burden of proof that he or she did not know, and in the exercise of
> reasonable care could not have known, of the untruth or omission, shall be liable to
> the person selling the security to him or her, who may sue either at law or in equity . .
> . .

Ark. Code Ann. § 23-42-106(b)(1) (Repl. 2012).[2] In his complaint, Scott alleged that Joy

violated section 23-42-106(b)(1) by pressuring him to sell his Families stock and threatening

to use her power and personal advantage as the director of Families to cause financial harm

to him.[3] Scott claimed that after months of intimidation by Joy and his belief that the value

of his stock had been diminished, he agreed to sell his stock for the "nominal consideration"

of $185,000. He asserted that he was not provided any financial disclosures or other financial

---

[2] Section 23-42-106 was amended in 2013, but the amended version is not applicable
in this case.

[3] More specifically, he alleged that Joy

> implied that she would cause Scott to incur an unfunded tax liability by
> suspending payment of dividends. In order to get her point across, she told
> him that she was a minority shareholder in another company that had
> previously made a profit (which was passed through to the shareholders) but
> that the company did not distribute any dividends to allow the shareholders to
> pay taxes on the profits generated. Since Joy Davis had exclusive control over
> the company, Scott Davis was fearful that Joy Davis would refuse to declare a
> dividend, resulting in him incurring a significant tax liability.

information regarding the operations of Families at or before the Agreement was signed or before he transferred his stock. He contended that the only information he had was a two-year-old estate-tax appraisal and yearly tax forms for the company. He alleged that this information was stale, misleading, inaccurate, and contained profit figures that were artificially deflated. He claimed that he would have never entered into the Agreement with Joy had he had access to complete and accurate financial information.

Arkansas Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity. Malice, intent, knowledge and other conditions of the mind of a person may be averred generally." Ark. R. Civ. P. 9(b) (2015). In the case before us, the complaint failed to provide specific and particular factual allegations that Joy made "untrue statements of material fact" or that she failed to state a material fact in order to make statements she allegedly made not misleading. Scott does not identify any specific events or conversations with Joy, with or without dates, that support his claim. *Ballard Grp., Inc.*, 2014 Ark. 276, at 14, 436 S.W.3d at 453–54 (holding that the trial court abused its discretion in dismissing the complaint under Rule 12(b)(6), where the complaint alleged specific events and conversations occurring on at least three different occasions in 2007, 2009, and 2010 to support the allegation of misappropriation of trade secrets). The implication that Joy might suspend the payment of dividends on which the shareholders would be required to pay taxes is not an "untrue statement of material fact."

Moreover, Scott's complaint fails to state specific and particular facts to support his claim that appellees' actions prevented him from knowing the true value of his stock. He

5

stated in his complaint that he had possession of an appraisal that valued his stock at $400,000. With this knowledge, he could not have reasonably believed that the value of the stock had been diminished. Further, he cannot demonstrate that he, in the exercise of reasonable care, could not have known of the true value of his stock. Paragraph 3.2 of the Agreement,[4] entitled "Disclosure," provided that the "[s]eller has been provided with or permitted access to all information which Seller deems material to formulating his decision with respect to the sale of the Stock and that such information has been sufficient to make an informed decision." This provision establishes that Scott agreed that Joy complied with the disclosure requirements of the Act by providing all the information he needed to make an informed decision. Significantly, his complaint did not allege that he requested documents from Joy and that she either failed or refused to provide them or that she provided false information. Again, the lack of specific allegations, his possession of the appraisal that valued his stock substantially higher than the amount for which he agreed to sell it, and the disclosure paragraph in the Agreement, negate Scott's conclusory claim that Joy failed to comply with all the requirements imposed by section 23-42-106(b)(1). Because Scott's complaint makes only conclusory statements and fails to comply with Rule 9(b)'s requirement that it state the circumstances constituting fraud with particularity, we hold that the trial court did not abuse its discretion in dismissing the complaint for failure to state facts upon which relief can be granted.

---

[4] The Agreement was attached to Scott's complaint; therefore, it was a part of that pleading for all purposes. Ark. R. Civ. P. 10(c) (2015).

We acknowledge Scott's argument that paragraph 3.2 of the Agreement is void because the Act prohibits any waiver of compliance with its provisions. Section 23-42-109 provides that "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order under this chapter is void." Ark. Code Ann. § 23-42-109 (Repl. 2012). This section of the Act forbids the waiver of compliance with its provisions. *Tanenbaum v. Agri-Capital, Inc.*, 885 F.2d 464 (8th Cir. 1989).[5]

The language in paragraph 3.2 does not express Scott's agreement to waive appellees' compliance with the Act. To the contrary, it affirms that Scott agreed that he had been provided with or permitted access to all information that he deemed material to making an informed decision about selling his stock. Therefore, we hold that the trial court did not abuse its discretion in finding that the waiver provision in section 23-42-109 did not void paragraph 3.2 of the Agreement.

## II. *Deceit*

The trial court dismissed Scott's cause of action for deceit for failure to state a cause of action because, per the Agreement, he agreed that he had been provided with, or permitted access to, all material information necessary to make an informed decision regarding the sale of his shares. The trial court also found that Arkansas Code Annotated section 23-42-109 did not void paragraph 3.2 of the Agreement because the paragraph was

---

[5] The Eighth Circuit in *Tanenbaum* interpreted the language of section 23-42-109 to mean that a potential buyer of securities does not have the legal power to give the seller permission to sell any security to the buyer without first undertaking to comply with all the requirements imposed by the Act. *Tanenbaum*, 885 F.2d at 469.

not a waiver of rights under the Act but rather an acknowledgment of factual compliance with the Act.

We have long recognized the common-law tort of deceit. *MFA Mut. Ins. Co. v. Keller*, 274 Ark. 281, 284, 623 S.W.2d 841, 842 (1981). To establish deceit or fraud, a plaintiff must show (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Bomar v. Moser*, 369 Ark. 123, 131, 251 S.W.3d 234, 242 (2007).

Scott contends that his complaint contained forty paragraphs of allegations supporting his deceit claim, satisfying both Arkansas Rule of Civil Procedure 12(b)(6) and Rule 9(b). He argues that the allegations demonstrated that Joy made false representations of material fact, she knew that her representations were false, her representations were made with the intent to induce Scott to relinquish his ownership in Families, he relied on the false and incomplete information in agreeing to sell his shares at a price that was inconsistent with the actual value of the stock, and her intentional actions caused him significant damage.

Scott's complaint failed to state facts sufficient to support the first element of a deceit claim—that Joy made a false representation of fact. While making many conclusory allegations that she made "deceptive, dishonest, and misleading statements," Scott failed to specify what those statements were. He argues that she provided inaccurate and incomplete information to him, but he fails to identify that information. There are no allegations that he requested certain information from Joy and that she failed to provide that information. He

identifies no financial documentation that demonstrates any false representation made by Joy or that supports his contention that "she deflated corporate profits by committing covert acts of corporate waste." He merely makes conclusory allegations.

Assuming arguendo that Scott did allege facts sufficient to establish that Joy made a false representation of fact, he failed to allege facts sufficient to support the required element of justifiable reliance on the false representation. While a justifiable-reliance determination can be a question of fact, *Sunbelt Bus. Brokers of Ark., Inc., v. James*, 2009 Ark. App. 659, at 6, where there is a lack of an allegation of justifiable reliance on false statements or no basis for such an allegation, a Rule 12(b)(6) dismissal is appropriate. *Wiseman v. Batchelor*, 315 Ark. 85, 89, 864 S.W.2d 248, 250 (1993) (affirming trial court's Rule 12(b)(6) dismissal of a fraud cause of action based on the failure to allege justifiable reliance on a misrepresentation).

As previously stated, Scott acknowledged that one of the financial documents that he possessed prior to the sale was the appraisal of his ten shares of Families stock. This information valued his stock at $400,000, which directly conflicted with the alleged false information he claims to have received from Joy—that the stock had diminished in value. Thus, if Scott had been provided misinformation from Joy about the reduced value of Families stock, he cannot establish that his reliance on that alleged false representation was justifiable.

Furthermore, paragraph 3.2 provided that Scott agreed that he had been provided with or permitted access to all information that he deemed material to formulating his decision with respect to the sale of his stock and that such information had been sufficient



to make an informed decision. Likewise, paragraph 5.3 of the Agreement included a merger

clause that stated,

> This Agreement shall embody the entire agreement between the parties hereto with respect to acquisition of the Stock and cancels and supersedes all other previous agreements and understandings relating to the subject matter of this Agreement, written or oral, between the parties. *There are no agreements, representations or warranties between the parties other than those set forth or provided herein.* (Emphasis added.)

Pursuant to this merger clause, Scott agreed that the provisions of the Agreement

represented the parties' full understanding of the terms and representations of the sale of his

stock to Joy.

Due to the lack of particular allegations of a false representation of material fact, the

information that Scott admittedly had prior to the sale, and his acknowledgment that he had

everything he needed to make an informed decision about the sale of his stock and that there

were no representations between the parties outside the Agreement, we hold that the trial

court did not abuse its discretion in dismissing Scott's claim for deceit. He failed to state

facts to support his claim that appellees made a false representation of material fact or that

he justifiably relied on any alleged false representation of material fact by appellees. We

affirm on this point.

### III.  *Unjust Enrichment*

Scott contends that the trial court abused its discretion in dismissing his unjust-

enrichment claim. His argument under this point is brief, conclusory, and lacks citation to

authority, stating that "his claim for restitution is directly connected to his previous

ownership interest in Families and the windfall obtained by Joy Davis when she obtained

ownership of the shares through deception."

Unjust enrichment is based on the principle that one person should not be permitted to unjustly enrich himself at the expense of another but should be required to make restitution of or for property or benefits received, retained, or appropriated, whether requested or not, when it is just and equitable that restitution should be made. *Kapach v. Carroll*, 2015 Ark. App. 466, at 4–5, 468 S.W.3d 801, 804. It is not necessary, in order to create an obligation to make restitution, that the party unjustly enriched should have been guilty of a wrongful act. *Id.* at 5, 468 S.W.3d at 804–05. The question is simply whether he obtained something of value under such circumstances that, in equity and good conscience, he ought not to retain. *Id.*, 468 S.W.3d at 805.

We affirm the trial court's dismissal of Scott's unjust-enrichment claim but not for the reasons stated by the trial court.[6] One is not unjustly enriched by receipt of that to which he is legally entitled. *Coleman's Serv. Ctr., Inc. v. F.D.I.C.*, 55 Ark. App. 275, 299, 935 S.W.2d 289, 302 (1996). It is generally held that, where there is an express contract, the law will not imply a quasi- or constructive contract. *Id.* at 299, 935 S.W.2d at 302. It has been held that the quasi-contractual principle of unjust enrichment does not apply to an agreement deliberately entered into by the parties. *Id.*, 935 S.W.2d at 302. "[T]he law never accommodates a party with an implied contract when he has made a specific one on the same subject matter." *Id.*, 935 S.W.2d at 302. We have stated that the "concept of unjust enrichment has no application when an express written contract exists." *Id.*, 935 S.W.2d at 302 (citing *Moeller v. Theis Realty, Inc.*, 13 Ark. App. 266, 268–69, 683 S.W.2d 239, 240 (1985)).

---

[6] The trial court dismissed the unjust-enrichment claim based on Scott's lack of standing. We can affirm the trial court if the right result is reached, even if it is for a different reason. *Shelter Mut. Ins. Co. v. Goodner*, 2015 Ark. 460, at 6, ___ S.W.3d ___, ___.

Because there is an express written contract in this case—the Agreement—the principle of unjust enrichment has no application.[7] Therefore, we affirm the trial court's dismissal of Scott's unjust-enrichment claim.

## IV. *Rescission*

Scott's final point on appeal is that the trial court abused its discretion in finding that he failed to allege sufficient facts supporting his request for the remedy of rescission. Based on our holdings herein—affirming the dismissal of all three of Scott's causes of action—we affirm the denial of Scott's request for rescission because he is not entitled to any remedy.

Affirmed.

VIRDEN and KINARD, JJ., agree.

*Jeff Scriber P.A.*, by: *Jeff Scriber*, for appellant.

*Waddell, Cole & Jones, PLLC*, by: *Kevin W. Cole*, *Nathan A. Read*, and *Justin E. Parkey*, for appellee.

---

[7] There are exceptions to the rule. "An express contract cannot be circumvented by unjust enrichment"; however, "when an express contract does not exist, is void, or does not provide an answer, these alternative theories may be asserted." *Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, at 23, 381 S.W.3d 21, 37 (citing 1 Howard W. Brill, Arkansas Law of Damages § 31:2 (5th ed. 2010)). None of the exceptions apply to the instant case.