SLIP OPINION

Cite as 2016 Ark. 178

# SUPREME COURT OF ARKANSAS

No. CV–15–636

| | |
|---|---|
| TOM MUCCIO, MIKE MUCCIO, AND NEXT CHAPTER RESOURCES, LLC<br>APPELLANTS | Opinion Delivered: April 21, 2016 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [60CV-2012-428] |
| JOHNELLE HUNT; PHIL PHILLIPS; DAVID SCHUMACHER; TREY TRUMBO; JOHNELLE HUNT, LLC; PHIL AND JUDY PHILLIPS FAMILY LIMITED PARTNERSHIP, LLLP; AND BIG HORN LODGE FINANCING, LLC<br>APPELLEES | HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Tom Muccio, Mike Muccio, and Next Chapter Resources, LLC, appeal from an order of the Pulaski County Circuit Court granting summary judgment in favor of appellees Johnelle Hunt, Phil Phillips, David Schumacher, Trey Trumbo, Johnelle Hunt, LLC, Phil and Judy Phillips Family Limited Partnership, LLLP, and Big Horn Lodge Financing, LLC. We affirm.

In 2012, appellants sued appellees in the Pulaski County Circuit Court, alleging causes of action for civil conspiracy, intentional interference with a contractual relationship or business expectancy, fraud and fraudulent inducement, and violation of the Arkansas Deceptive Trade Practices Act (ADTPA). The operative facts, as relayed in the complaint, are as follows. The parties were all members of a company called BioBased, LLC. Appellants controlled 41.81 percent of the company, with Tom Muccio individually

controlling 4.85 percent of the company, Mike Muccio individually controlling 10.08 percent of the company, and Next Chapter Resources controlling 26.88 percent of the company. Appellees controlled 56.19 percent of the company.

Appellants allege that appellees, along with other nonparty co-conspirators, conspired to gain control of appellants' interests in BioBased. In September 2008, Tom Muccio, who served as the company's CEO from 2004 to 2008, agreed, at the urging of a majority of the membership, to bring in Walter Smiley to serve as a business consultant. Appellants allege that Smiley was represented by the conspirators as being neutral and objective but was actually brought in to further the conspiracy. In December 2008, a majority of the company membership voted to remove Tom as CEO and replace him with Smiley.

Appellants allege that, at an August 14, 2009 membership meeting, Smiley informed the members that Signature Bank, an institution that was providing BioBased with an operating line of credit that was set to expire in the near future, would bounce BioBased's checks if the company did not declare bankruptcy. Appellants allege that this statement was false, as Amy Sorrell, the company's acting CFO, had made several bank deposits in order to avoid having checks bounce on the Signature account. Smiley also told the membership that Signature would not renew the line of credit and demanded that it be moved to another institution, which claims appellants allege were false. According to appellants, the alleged conspirators were aware that Smiley's statements were false when they were made at the meeting. BioBased's membership voted unanimously in favor of placing the company into Chapter 11 bankruptcy. Appellants contend in the complaint that the alleged conspirators, including appellees, worked together to fraudulently induce them into voting in favor of

SLIP OPINION

the bankruptcy. They also contend that they were stripped of their membership interests in the resulting bankruptcy.

Appellants originally sued appellees, along with several other defendants who are not parties to this action, in the Washington County Circuit Court. On August 5, 2011, appellants took a voluntary nonsuit of their claims against appellees. That same day, the Washington County court entered summary judgment in favor of the remaining defendants. In the order granting summary judgment, the Washington County Circuit Court found that the bankruptcy plan that had been approved by management and the bankruptcy court was "proper and approved by seventy-five percent of the membership."

On March 5, 2015, appellees moved for summary judgment in the Pulaski County action. At a pretrial conference, appellants voluntarily dismissed their claims for intentional interference with a contractual relationship or business expectancy and violation of the ADTPA. The trial court subsequently entered an order granting summary judgment in favor of appellees on the remaining claims. The trial court found that the Washington County court's finding regarding the bankruptcy plan was law of the case. The trial court also found that appellants acknowledged that the only vote taken that required a three-fourths majority was the vote to authorize filing of Chapter 11 bankruptcy and that appellants knew before that vote that the bankruptcy plan would not include them. The trial court granted summary judgment based on law of the case and its determination that appellees were "factually entitled to summary judgment." This appeal followed.

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d

179. A trial court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Id.* The burden of proof shifts to the opposing party once the moving party establishes a prima facie entitlement to summary judgment; the opposing party must demonstrate the existence of a material issue of fact. *Id.* After reviewing the evidence, the trial court should deny summary judgment if, under the evidence, reasonable minds could reach different conclusions from the same undisputed facts. *Id.*

Appellants argue that there remain genuine issues of material fact that preclude summary judgment in this case. Appellants contend that there is a question of fact regarding representations to them of Smiley's neutrality. Any potential misrepresentation regarding this issue has no relevance to the causes of action ruled on by the trial court. Appellants' support was not necessary for Smiley to be brought on board, and certainly was not necessary for him to be installed as CEO, as appellants presumably did not support that move. In the brief, appellants allege that, had they been told the truth about Smiley, they would not have remained members of BioBased. This bare allegation is not supported by any evidence; neither Tom nor Mike Muccio testified that they were induced to keep their interests in the company due to the representations made about Smiley.

Appellants also argue that there remain unresolved issues of fact with regard to whether alleged misrepresentations by Smiley at the August 14, 2009 membership meeting induced them to vote in favor of bankruptcy. In order to prove fraud, a plaintiff must prove five elements under Arkansas law: (1) that the defendant made a false representation of material fact; (2) that the defendant knew that the representation was false or that there was

insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation. *Jewell v. Fletcher*, 2010 Ark. 195, 377 S.W.3d 176.

Appellants failed to provide any proof that Tom Muccio, who represented Next Chapter Resources at the August 14, 2009 meeting, relied on any false representation in voting in favor of placing BioBased in Chapter 11 bankruptcy. As a result, there is no proof that Mike Muccio was damaged as a result of any false representation. While Mike Muccio testified that the alleged misrepresentations about the threat by Signature to bounce checks caused him to vote in favor of bankruptcy, Tom Muccio did not. Instead, Tom Muccio's testimony was that he voted in favor of bankruptcy in order to enhance his position in the company and to potentially purchase it out of bankruptcy by partnering with an overseas investor. This is key because Mike Muccio did not control enough interest to defeat the bankruptcy resolution by voting against it. The minutes from the August 14, 2009 membership meeting state that Tom Muccio represented Next Chapter's interest; Mike represented only his personal interest. Because there is no evidence that the percentage approval necessary to pass the bankruptcy resolution was obtained as a result of any misrepresentation, appellants cannot prove that they were harmed by any alleged false representations.

Appellants' proof also fails with regard to their claim of a civil conspiracy. To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to

accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another. *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 961, 69 S.W.3d 393, 406 (2002). Appellants allege in the complaint that appellees operated in concert with certain nonparty co-conspirators to deprive them of their interests in BioBased. However, they offer no actual proof of a conspiracy. They allege that appellees knew the alleged misrepresentations were false but offer no proof of this. Tom Muccio also testified before the vote on the bankruptcy resolution that he knew that Ms. Hunt was not planning on including appellants in any plan of reorganization. There is simply nothing, apart from appellants' allegations, to show that appellees were part of a conspiracy to deprive them of their interests in the company through fraud. The proof, at most, shows a business relationship that deteriorated because of personal friction between certain members of the corporation. Because appellants failed to provide proof on essential elements of their claims sufficient to create a question of fact to be determined at trial, the grant of summary judgment in favor of appellees was proper.

Because appellees failed to present proof sufficient to raise a question of fact with regard to the claims before the trial court on summary judgment, it is not necessary for us to consider the issue of whether the trial court erred by applying the doctrine of law of the case in the summary-judgment order. The order is affirmed.

Affirmed.

*Knight Law, P.A.*, by:  *K. Vaughn Knight*, for appellants.
*Shemin Law Firm, PLLC*, by:  *Kenneth R. Shemin*, for appellees.