Cite as 2020 Ark. App. 105

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-18-198

|  |  |
|---|---|
| C&R CONSTRUCTION CO., INC.; AND DAVID SMITH, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JENNIFER SMITH<br><br>APPELLANTS<br><br>V.<br><br>WOODS MASONRY & REPAIR, LLC<br><br>APPELLEE | Opinion Delivered February 12, 2020<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCV-13-582]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

This is a dispute between a homeowner, a general contractor, and a subcontractor over the subcontractor's work. Appellant C&R Construction, Inc., the general contractor, brought claims for breach of contract and unjust enrichment against the subcontractor, appellee Woods Masonry & Repair, LLC. The homeowners, appellants David Smith and Jennifer Smith,[1] asserted a claim for negligence against Woods Masonry. The circuit court granted summary judgment to Woods Masonry, finding that C&R's claims were time-barred. The court also granted summary judgment to Woods Masonry on the Smiths' negligence claim,

---

[1] Jennifer Smith passed away during the pendency of this appeal. A suggestion of death was filed with this court on April 18, 2018. David Smith was appointed personal representative of the estate of Jennifer Smith. On July 10, 2018, David Smith, as personal representative, filed a motion in this court to be substituted as a proper appellant. We granted the motion.

finding that the Smiths were not the real parties in interest after previously denying their motions to substitute the real party in interest. We affirm.

I. *Factual and Procedural History*

In December 2006, the Smiths contracted with C&R to be the general contractor for an addition to their home, including the construction of a deck, patio and pool. C&R requested bids from Woods Masonry. C&R accepted Woods Masonry's bids, and C&R and Woods Masonry entered into a verbal agreement for Woods Masonry to construct and install the concrete walls and the block posts and to "dry stack" cultured stone on the retaining walls, posts, and addition archways at the Smiths' home using a process called adhered concrete masonry veneer. This is referred to as the Masonry Work.

The Smith job commenced in December 2006, and the Masonry Work commenced in January 2007. Between March 2007 and April 2008, stones began to delaminate or fall off their supporting structure. Both C&R and Woods Masonry reattached stones at various times, and both returned to the job site to repair the Masonry Work on numerous occasions until May 2012 when Eric Woods, the owner of Woods Masonry, advised C&R that he was finished and would not return to the Smith job. Final payment to Woods Masonry was made by C&R in May 2008.

On December 30, 2013, C&R and the Smiths jointly filed an action against Woods Masonry.[2] In their verified complaint, C&R asserted claims for breach of contract and unjust enrichment, while the Smiths' claim was based on negligence. As damages, C&R and the Smiths sought approximately $139,000 based on estimated costs of repair; C&R also sought

---

[2]At times we will refer to C&R and the Smiths collectively as appellants.

2

$265,000 on its unjust-enrichment claim. Both C&R and the Smiths sought attorney's fees and prejudgment interest.

Woods Masonry timely filed an answer denying the material allegations of the complaint. Woods Masonry pled both the three-year statute of limitations, Ark. Code Ann. § 16-56-105(3) (Repl. 2005), and the five-year statute of repose, Ark. Code Ann. § 16-56-112, as affirmative defenses. Finally, Woods Masonry pled that "plaintiffs" failed to sue in their proper capacity or lacked standing to sue.

On January 14, 2016, Woods Masonry filed a motion to dismiss appellants' complaint pursuant to Ark. R. Civ. P. 12(b)(6). The motion asserted that section 16-56-112 barred appellants' claims because they were filed more than six years after the addition to the Smiths' home was completed. Appellants responded to the motion to dismiss, arguing that the statute of repose did not apply because Woods Masonry never completed its work on the Smith job and that there never was a time when all the stones were properly attached.

The circuit court denied the motion to dismiss by order entered on March 21, 2016. The court stated that although it was far from clear, it appeared that Woods Masonry was paid the final payment when appellants "thought" the work was complete but that the court could not definitively reach this conclusion without engaging in speculation. The court also said that it was not clear whether Woods Masonry returned to complete the contracted work or to repair the allegedly defective work. However, the court said that it was clear that the work alleged in the complaint involved an "improvement to real property" within the meaning of the statute of repose. Finally, the court said that it would revisit this issue at the appropriate time after discovery was completed and new motions were filed.

3

On August 25, 2016, appellants filed their motion for summary judgment as to each of their claims. They asserted that there were no disputed factual issues on any of their claims. Woods Masonry filed its response to the motion for summary judgment. It asserted that it did not owe a duty to the Smiths individually because, according to county real property records, the property was owned by David Smith Farms, Inc. It also asserted that C&R's unjust-enrichment claim was not viable under the facts of this case because there was a contract. In its accompanying brief, Woods Masonry argued that the statute of repose extinguished appellants' claims. The court denied the motion after having considered the evidence and proof that was developed at the time.

On December 1, 2016, the Smiths filed a motion for substitution of David Smith Farms, Inc., as the real party in interest. In its response, Woods Masonry argued that the Smiths individually lacked standing to assert a negligence claim, that their original claim was a nullity, and that any complaint filed by David Smith Farms, Inc., would be a new cause of action barred by the statute of limitations. The circuit court denied the motion for substitution without prejudice on March 17, 2017.

On March 20, 2017, the Smiths filed a second motion for substitution of David Smith Farms, Inc., as the real party in interest. The motion was supported by affidavits from the Smiths in which they state that they considered the property their own, that they claimed the homestead credit, and that they never considered the legal distinctions of corporate ownership. Woods Masonry again responded that the Smiths individually lacked standing to assert a negligence claim and that their original claim was a nullity and that any complaint filed by David Smith Farms, Inc., would be a new cause of action barred by the statute of limitations. The circuit court denied appellants' second motion for substitution of David Smith Farms,

4

Inc., as the real party in interest on May 26, 2017. The court found the "determination of the proper party was not difficult and the mistake was not an understandable mistake as prescribed in *Bibbs v. Community Bank of Benton*, [375 Ark. 150, 289 S.W.3d 393] (2008)."

Woods Masonry filed its own motion for summary judgment on June 27, 2017, pleading both the statute of limitations—Ark. Code Ann. § 16-56-105(3)—and the statute of repose—Ark. Code Ann. § 16-56-112—as barring C&R's claims for breach of contract and unjust enrichment. It also pled that the subject property was owned by David Smith Farms, Inc., and not the Smiths individually. In an incorporated brief, Woods Masonry argued that any claims of David Smith Farms, Inc., were extinguished by the statute of repose and that C&R's claims were barred by both the statute of limitations and the statute of repose.

In their response to the motion for summary judgment, appellants argued that Woods Masonry never completed the Masonry Work and instead terminated its subcontract in May 2012. They asserted that the Smith job was never completed, that the breach of the subcontract did not occur until May 2012, and that their 2013 complaint was filed well within both the statute of limitations and the statute of repose.

By order entered November 20, 2017, the circuit court granted Woods Masonry's motion for summary judgment "as to all parties and causes of action." The court found that Woods Masonry received a payment on May 5, 2008, that resulted in a zero balance owed to it. The court found that although the words "Final Payment" were not used, those payment records were sufficient to require appellants to come forward with evidence showing that this was a fact in dispute. Because no contrary evidence was offered, the court found that the Masonry Work was substantially completed by May 5, 2008; thus, appellants' complaint filed December 30, 2013, was time-barred. This appeal followed.

5

## II. *Standard of Review*

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *Muccio v. Hunt*, 2016 Ark. 178, 490 S.W.3d 310. A circuit court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Id.* The burden of proof shifts to the opposing party once the moving party establishes a prima facie entitlement to summary judgment; the opposing party must demonstrate the existence of a material issue of fact. *Id.* After reviewing the evidence, the circuit court should deny summary judgment if, under the evidence, reasonable minds could reach different conclusions from the same undisputed facts. *Id.*

## III. *Arguments on Appeal*

On appeal, appellants argue four points: (1) the circuit court erred in denying the Smiths' motion for substitution of Smith Farms as the real party in interest for purposes of their negligence claim; (2) the circuit court erred in granting summary judgment to Woods Masonry on C&R's breach-of-contract and unjust-enrichment claims because Woods Masonry never substantially completed the Smith job; (3) the circuit court erred in denying C&R's motion for summary judgment on its claims; and (4) alternatively, summary judgment was improper because there was a genuine factual dispute as to the date of substantial completion and the accrual of C&R's causes of action.

### A. Substitution of Parties

The Smiths argue that the circuit court erred in denying their motion to substitute David Smith Farms, Inc., as the real party in interest because Smith Farms ratified their actions

6

and that they made an understandable mistake as to who the proper real party in interest was for purposes of their negligence claim.

Rule 17(a) of the Arkansas Rules of Civil Procedure requires that an action be brought by "the real party in interest." A real party in interest is considered to be the person who can discharge the claim on which the allegation is based, not necessarily the person ultimately entitled to the benefit of any recovery. *Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001). Rule 17(a) is mandatory but contains liberal provisions for granting time to seek ratification or joinder to cure a defective complaint once the objection has been raised. *See White v. Welsh*, 327 Ark. 465, 939 S.W.2d 299 (1997); *McMaster v. McIlroy Bank*, 9 Ark. App. 124, 654 S.W.2d 591 (1983). The availability of these cure provisions, however, turns on whether determining the real party in interest was difficult or an understandable mistake was made. *Bibbs v. Community Bank of Benton*, 375 Ark. 150, 289 S.W.3d 393 (2008); *see also Bryant v. Hendrix*, 375 Ark. 200, 289 S.W.3d 402 (2008).

*Bibbs* involved plaintiffs who filed suit asserting a claim that was part of their bankruptcy estate. The plaintiffs originally filed suit as individuals, but after the statute of limitations had run, amended the complaint to add the bankruptcy trustee as plaintiff. The *Bibbs* court observed that for the relation-back doctrine to apply, there must be valid pleadings to amend in the first place, and there was not a valid complaint in the first instance because the original plaintiffs lacked standing and were not the real party in interest; rather, the bankruptcy trustee was. *Bibbs* also cited *St. Paul Mercury Insurance Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002), and held that an amended complaint that substitutes the original plaintiffs and replaces them with entirely new plaintiffs does not constitute an amendment to the original complaint but rather is the filing of a new lawsuit.

7

This brings us to whether the Smiths have shown that their mistake in suing in their individual capacities as opposed to their corporate capacities was understandable. In denying the Smiths' second motion for substitution, the circuit court found that determining the proper party was not difficult, and their mistake was not reasonable under *Bibbs*, *supra*. The Smiths contend that it was.

According to the Smiths, their mistake was reasonable because they considered themselves to be the "owners" of the home for all practical purposes. They also claimed the homestead tax credit for the home. They also stated that they did not consider the legal distinction of corporate ownership. David Smith is the sole shareholder of Smith Farms, and both of the Smiths served as directors and officers of Smith Farms.

The Arkansas Supreme Court has rejected arguments similar to those made by the Smiths—that it was a reasonable mistake that they did not realize they were not the owners of the property at issue. In *Bryant*, *supra*, the plaintiffs filed suit individually alleging trespass, encroachment, and removal of timber against an adjoining landowner. 375 Ark. at 202, 289 S.W.3d at 403. The circuit court granted summary judgment to the defendant on the grounds that the plaintiffs were not the proper parties in interest because the land they claimed to own was actually owned by a family trust. 375 Ark. at 203, 289 S.W.3d at 404. The circuit court further found that the statute of limitations had run on all claims because even though plaintiffs had filed an amended complaint naming the family trust as plaintiff, relation back did not apply to the substitution of the family trust for the original plaintiffs. *Id.* Affirming the circuit court's order, the court said:

> In the present case, the original complaint and subsequent amendments all related to the same conduct alleged as a trespass. Appellees were on notice they would need to defend the trespass action. It is not, however, understandable that the Bryants

8

or their counsel could be mistaken about the differing and distinct identities of the Bryants as individual landowners, their son as landowner, and their family trust as landowners. The Bryants transferred some of their land to their son in 1986. They created their family trust roughly one and one-half years prior to filing their first complaint in this case. It is not a matter of mistake, because the Bryants and their counsel must have recognized the existence of their family trust and their deed to their son. We therefore conclude on the facts here presented according to the long-standing law of this state that the substitution of plaintiffs in subsequent pleadings does not relate back to the date of the original complaint.

*Bryant*, 375 Ark. at 206, 289 S.W.3d at 406. This reasoning applies here. Admittedly, this is a harsh result; however, if the circuit court had granted the motion for substitution, it would have constituted a new complaint under *Bryant* and would have been after the statute of limitations had run. As we explain in the next section, the filing of a new complaint would have been outside the applicable limitations period, and the circuit court therefore correctly granted summary judgment to Woods Masonry on the Smiths' negligence claim.

### B. Summary Judgment

Under this heading, we discuss C&R's arguments contending that summary judgment in favor of Woods Masonry was erroneous for various reasons. We hold that the circuit court was correct in finding C&R's claims to be time-barred; however, we also note that the circuit court never specified whether the summary judgment was based on the running of the statute of limitations or the statute of repose. Woods Masonry raised both statutes in its answer. It also relied on both in its motion for summary judgment. Because it is clear that the statute of limitations had run on the breach-of-contract claim, we affirm on that basis.

C&R's argument improperly conflates the concepts of statutes of limitations and statutes of repose. It uses the terms interchangeably. Although statutes of repose and statutes of limitations are similar in many ways, they set forth different time limitations with different intentions and different applicable doctrines. *See Ray & Sons Masonry Contractors, Inc. v. U.S. Fid.*

9

*& Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). Statutes of repose differ from statutes of limitations in that statutes of repose potentially bar a plaintiff's suit before the cause of action arises, whereas statutes of limitations limit the time in which a plaintiff may bring suit after the cause of action accrues. *Id.* A plaintiff must file suit within both the statute of limitations and the statute of repose. *Zufari v. Architecture Plus*, 323 Ark. 411, 914 S.W.2d 756 (1996); *E. Poinsett Cty. Sch. Dist. v. Union Standard Ins. Co.*, 304 Ark. 32, 800 S.W.2d 415 (1990).

The issue becomes the accrual date of C&R's cause of action. A breach-of-contract action accrues when the plaintiff could have first maintained the action to a successful conclusion. C&R contends that the breach was in May 2012 when Woods Masonry informed C&R that it would not continue to replace the stones. We disagree. During discovery, it was learned that the stones were attached without the use of a bonding agent in the mortar. The manufacturer recommended the use of such a bonding agent. In its complaint, C&R asserted that Woods Masonry had breached the contract by failing to perform the Masonry Work in accordance with the manufacturer's specifications and recommendations, which required the use of a bonding agent to attach the stones to their supporting structure. The Smiths noticed that there were problems with the Masonry Work no later than April 2008 when the stones were delaminating and Woods Masonry had completed the original construction work.

The failure to use a bonding agent in accordance with the manufacturer's specifications—similar to the failure to obtain government approval of the plans in *Zufari* and the roof leaking shortly after completion of repairs in *East Poinsett County*—constituted a material breach of the contract between C&R and Woods Masonry and started the running of the statute of limitations found in section 16-56-105. This would have been no later than April 2008 when Woods Masonry completed its work. C&R argued that it made some of the repairs

10

itself because Woods Masonry was simply too busy with other jobs, including another job for the Smiths, to make the repairs and that this would allow Woods Masonry more time to return to complete the Masonry Work. However, this does not prevent the running of the statute of limitations because it did not alter the fact that a breach had occurred. *Zufari*, 323 Ark. at 420, 914 S.W.2d at 761. Appellants filed suit on December 30, 2013, and the applicable three-year period under section 16-56-105 had expired well before that date. Thus, the action was time-barred by the statute of limitations. Because we are affirming the circuit court's dismissal of C&R's complaint as time-barred, it is unnecessary to discuss C&R's argument that summary judgment was improper because there is a factual dispute as to whether the project was substantially completed within the meaning of the statute of repose.

C&R next argues that the statute of repose did not serve to bar its claim for unjust enrichment. C&R acknowledges that the statute of limitations for such a claim is three years. As set forth above, the cause of action accrued and the limitations period began running in April 2008 when C&R started paying Woods Masonry for the "additional work" of repairing and reattaching the stones. Suit was not filed until more than five years later, in December 2013.[3]

Finally, C&R argues that the circuit court erred in denying its motion for summary judgment on its breach-of-contract and unjust-enrichment claims. It contends that there are no genuine issues of fact on those claims. However, with certain exceptions not applicable here, the denial of a motion for summary judgment is not reviewable or appealable. *See, e.g.,*

---

[3]Although the circuit court based its decision on C&R's action being time-barred, an alternative basis to affirm is that there is no viable claim for unjust enrichment where, as here, there is an oral contract. *See Davis v. Davis*, 2016 Ark. App. 33, at 11, 480 S.W.3d 878, 885.

*Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004); *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 347 Ark. 167, 61 S.W.3d 807 (2001); *Gibson Appliance Co. v. Nationwide Ins. Co.*, 341 Ark. 536, 20 S.W.3d 285 (2000); *Ozarks Unlimited Res. Coop., Inc. v. Daniels*, 333 Ark. 214, 969 S.W.2d 169 (1998). Moreover, because we are affirming the circuit court's statute-of-limitations ruling, the circuit court did not err in denying C&R's motion for summary judgment, even if there were no disputed facts. The statute of limitations applies with full force to the most meritorious claims, and the court cannot refuse to give the statute effect merely because it seems to operate harshly in a case involving an obviously meritorious claim. *See, e.g.*, *Minn. Min. & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999); *Miller v. Everett*, 252 Ark. 824, 481 S.W.2d 335 (1972); *Abbott v. Johnston*, 130 Ark. 1, 195 S.W. 676 (1917); *Beckworth v. Diamante, Private Membership Golf Club, LLC*, 2010 Ark. App. 814, 379 S.W.3d 752.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Donald L. Parker II* and *Ronald S. Burnett, Jr.*, for appellants.

*Heaton and Moore, P.C.*, by: *Robert L Moore* and *William M. Jeter*, for appellee.